8555

OSTEEN v. BULTMAN.

1. Res Judicata.—Trial by jury and submission of issues in trial of foreclosure of lien on a lot of land is *res judicata* in this action by reason of a former adjudication of those issues on Circuit and affirmance on appeal.

2. Issues.—Such adjudication would not however conclude the trial Judge from sending out issues to enlighten his conscience.

3. Lien.—Deed in question construed to mean that if the grantors, their heirs or assigns, failed to exercise their right to build a wall on lot of grantees, while they or the Elks' Club or any other corporation holding for the Elks' Club owned this lot, they should have no lien thereon, but they should have such lien if the wall was built during the ownership of the lot by any of said parties.

4. Ibid.—Sale by grantees to another who had actual and constructive notice of the terms of the deed and of *lis pendens* did not have the effect of divesting the lien.

Before RICE, J., Sumter, July, 1912.    Affirmed.

Action by C. P. and H. G. Osteen against F. A. Bultman and J. H. Cunningham. Defendants appeal.

*Messrs. Lee & Moise* and *J. H. Clifton,* for appellants, cite: *The provision terminates at alienation:* 22 Ency. 255; 30 Cyc. 797; 24 Cyc. 110; 55 S. C. 381. *As to reservation of lien:* 46 N. Y. App. 84; 22 Ency. 255; 66 L. R. A. 703; 39 S. W. 201; 66 L. R. A. 677; 92 Am. Dec. 301.

*Mr. R. D. Epps,* contra, cites: *Questions as to trial by jury are res judicata:* 90 S. C. 452. *In equity a mortgage may be created by agreement:* 72 S. C. 32; 16 S. C. 384; 14 S. C. 112; 27 Cyc. 982.

May 27, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. On May 8, 1909, plaintiffs conveyed to defendants a lot in the city of Sumter. The deed of conveyance contains the following recital:

"Whereas, the grantors herein convey the lot of land hereinafter described for the consideration hereinafter stated, and as additional consideration for said conveyance, the grantors shall have the right to join to and connect with any wall constructed on the eastern edge of the lot hereinafter described, by the grantees, their heirs or assigns; but should the grantees, their heirs or assigns, not build the wall on the eastern edge of said lot, before the grantors or their heirs or assigns desire to use such wall, then the grantors, their heirs or assigns, shall have the right to enter on the eastern edge of said lot and move any obstructions and construct a wall on the eastern edge of said lot, sufficient to support a three-story building and join to the same, and the grantees herein agree to pay to the grantors or their heirs or assigns the cost of said wall. The cost to be ascertained from the contractor who constructs said wall. The cost of said wall to be a lien on the lot conveyed as long as the same

32—94

remains the property of the grantees, or if before said wall is paid for, the grantees should convey said lot to any corporation for the use of the Elks' Club or to the Elks' Club, then the lien shall continue until said wall shall have been paid for. The acceptance of this deed shall be conclusive evidence of the grantees' agreement to the foregoing."

A short time after the delivery and acceptance of the deed, plaintiffs erected a three-story building on their lot adjoining and east of the lot conveyed to defendants, and, for the purpose of joining to the same, they built along the entire eastern edge of the lot which they had conveyed to defendants a three-story wall, sufficient to support their building. On September 20, 1909, the wall having been finished, plaintiffs demanded of defendants payment of the sum of $1,684.93, the cost thereof. Their demand having been refused, they brought this action to recover said sum and to foreclose the lien therefor, stipulated for in the recital of their deed to defendants above quoted.

At the commencement of the action, plaintiffs filed a notice of the pendency thereof. Thereafter and before judgment, to wit, on March 4, 1911, defendants conveyed the lot to one W. T. Andrews, who had both actual and constructive notice of the agreement between these parties relative to the wall and of the pendency of this action. By supplemental answer, defendants set up their conveyance to Andrews and assert that, under the terms of the deed above recited, it had the effect of discharging the lien on the lot therein provided for. In their original answer, defendants had set up certain other claims or defenses, to wit: That there was an agreement between the parties, in addition to and independent of that contained in the recital of the deed, to the effect that the wall to be built for the benefit of plaintiffs should be only eighty feet long and two stories high, though strong enough to support a three-story building; that it should not cost over $750; and that it was not to be paid for, until it was used by the defendants or their suc-

cessors in title; and, finally, that even if they are liable for the cost of the wall, the alleged cost thereof to plaintiffs was excessive and unreasonable.

After the case had been referred to the master to take the testimony, defendants moved to be allowed to file a supplemental answer, setting up, as a defense, their conveyance of the lot to Andrews, hereinbefore mentioned, and their motion was granted. Upon the filing of their supplemental answer, they moved to discharge the reference and demanded trial by jury, and, failing in that, they moved for the submission of certain issues to a jury. The Court held that they were not entitled to a trial by jury, as of right, and that they had failed to comply with rule 28 of the Circuit Court, relative to the submission of issues in equity cases to a jury, and refused their motion. On appeal to this Court, that order was affirmed. 90 S. C. 452.

The case was then heard on the testimony taken and reported by the master, after the refusal of another motion for a jury trial, both as a matter of right and for the submission of issues to a jury. The Court found against the contention of defendants on all their grounds of defense, and gave judgment in favor of plaintiffs for the amount claimed by them and for the foreclosure of their lien therefor. From this judgment, the defendants have appealed.

Those exceptions which question the rulings of the Circuit Court upon the contention of the defendants for a trial by jury and for their submission of issues to a jury will not be considered, for the matter is *res judicata*, having been concluded by the former decision of the Circuit Court and the decision of this Court thereupon. Of course, that decision did not conclude the right of the trial Judge to refer issues to a jury for his own enlightenment, and there is no intimation in the refusal of defendants' motion that the Circuit Judge so construed the previous order. The submission of any or all the issues of fact in an equity case to a jury for his own enlight-

enment is the privilege of the Judge who hears the cause, and not a right of the parties.

Upon the defenses of the defendants which involve questions of fact, we concur in the findings of the Circuit Court.

We concur, also, in the holding that under the terms of the recital in their deed to defendants, plaintiffs had a lien upon the lot for the cost of the wall erected by them, and that the conveyance of the lot to Andrews by the defendants did not discharge the lien. The only reasonable construction to be given to the recital is that it was the intention of the parties that, if the plaintiffs, their heirs and assigns, failed to exercise their right to build the wall while the defendants, or the Elks' Club, or any corporation holding for the Elks' Club, owned their lot, they should have no lien thereon; but, that they should have such lien, if the wall was built during the ownership of the lot by any of said parties. The building of the wall, therefore, during the ownership of defendants, vested the lien in favor of plaintiffs, and the commencement of the action to foreclose it and the filing of *lis pendens* fixed the rights of the parties so that the subsequent conveyance to Andrews was subject to those rights.

Affirmed.